UNITED STATES *v.* DAVIS.

(*District Court, W. D. Michigan.* February 7, 1888.)

1. POST OFFICE—ABSTRACTING LETTERS—INDICTMENT—VALUE.

Rev. St. U. S. § 5469, defines a class of crimes which consist, essentially, in an abstracting from the United States mails of letters and packages containing things of value, whereas section 3892, under which the indictment against defendant was found, declares the taking of a letter from the mails an offense, "although it does not contain any article of value, or evidence thereof." *Held,* that the non-existence of anything of value in the letter taken is not an essential characteristic of the offense intended by section 3892, so as to make an indictment under it defective which does not allege that the letter taken contained nothing of value.

2. SAME—ABSTRACTION FROM MAILS—INDICTMENT—VENUE OF OFFENSE.

An indictment charged that "at Fife Lake, in Grand Traverse county, within this division of the district, the defendant took from the United States post-

office a letter mailed at said post-office at Fife Lake, directed to a person named, at Kalamazoo, which is also within the district." *Held*, that this charged with reasonable certainty that the letter was taken from the post-office at Fife Lake.

Motion in Arrest of Judgment.

*Allen C. Adsit*, Asst. Dist. Atty., for the United States.

*Geo. M. Buck*, for defendant.

SEVERENS, J. The defendant was convicted, by the verdict of a jury, at a former day in this term, upon an indictment which charged that "heretofore, to-wit, on the twenty-sixth day of January, in the year of our Lord one thousand eight hundred and eighty-seven, at Fife Lake, in the county of Grand Traverse, in the division of the district aforesaid, and within the jurisdiction of this court, one A. A. Davis, late of the county of Kalamazoo, did unlawfully, wrongfully, and willfully, and with a design to obstruct the correspondence, and to pry into the business and secrets, of one Charles P. Greenman, take from the United States post-office a certain letter, written, signed, and posted by said Greenman, directed to Calvin Forbes, Kalamazoo, Mich., mailed at said post-office at Fife Lake, aforesaid, and before the said letter had been delivered to the person to whom it was directed, and then and there the said letter did secrete, embezzle, and destroy, contrary to the form, force, and effect of the act of congress in such case made and provided, and against the peace and dignity of the United States of America." Prior to the trial, and when the jury were about to be empaneled, the attorney for the defendant asked leave to withdraw his plea of guilty, and move to quash the indictment, for reasons which are now insisted upon as valid. But, the case being then in readiness for trial, the court denied the application, with an understanding, however, that if there should be a conviction, the benefit of the objections then proposed to be raised should be preserved to the defendant, and be available on a motion in arrest of judgment. Such a motion is now made.

The first objection to the sufficiency of the indictment made by the defendant is that it does not aver that the letter alleged to have been taken from the post-office did not contain anything of value. And the argument is that inasmuch as there is another provision of the statute (section 5469) which defines generally a class of crimes which consist, essentially, in an abstracting from the United States mails of letters and packages containing things of value, and embezzling therefrom, whereas section 3892, under which this indictment is found, constitutes the offense in taking a letter from the mails "although it does not contain any article of value, or evidence thereof," the inference which it is said should be drawn from a comparison of the two sections is that the non-existence of anything of value in the letter taken is an essential characteristic of the offense intended by the last-mentioned section, and hence that circumstance should be alleged in the indictment. The proposition is that, without such allegation, the indictment does not describe the offense. If the words above quoted did, in fact, constitute an exception,

taking the case out of the operation of the general provision in which such exception is found, my opinion would be that the indictment should negative the exception. This would be in accord with the long-established rule in criminal pleading, that where the exception is stated in the enacting clause, it will be necessary to negative it in order that the description of the crime may in all respects correspond with the statute. 1 Chit. Crim. Law, 283*b et seq.;* 1 Bish. Crim. Proc. § 636; *U. S.* v. *Britton,* 107 U. S. 655, 2 Sup. Ct. Rep. 512. But I do not think that, upon a right interpretation of the statute, the words in question constitute an exception. The offense intended to be defined, the other circumstances existing, is complete whether the letter contains anything of value or not. That is indifferent. The words were added simply to prevent a construction so strict as to include only letters and packages containing articles of value. The nature of the offenses created by the two sections differs in essential particulars. Section 5469 is concerned more especially with thefts and embezzlements from the mails for purposes of gain. Section 3892 deals with unauthorized meddling with the mails for the purpose of gratifying mere malice or a prying curiosity. The intent or purpose which constitutes the gist of the offense is one thing in one of the sections, and quite a different thing in the other. This objection cannot therefore be sustained.

The second ground of objection is that the indictment does not set forth with sufficient certainty the post-office from which the letter was taken. But the indictment charges that, at Fife Lake, in Grand Traverse county, within this division of the district, the defendant took from the United States post-office a letter mailed at said post-office at Fife Lake, directed to a person named, at Kalamazoo, which is also within the district. I think that this charges with reasonable certainty, that the letter was taken from the United States post-office at Fife Lake.

Giving, therefore, to the defendant the same position that he would have had on a motion to quash the indictment, I am satisfied, upon full consideration, that the objections are not tenable, and the motion in arrest should be overruled.