UNITED STATES of America,
v.
Frank P. GRIECO, Defendant.

United States District Court
S. D. New York.
Sept. 27, 1960.

See also, 25 F.R.D. 58.

Fried & Mailman, New York City, for defendant; Elmer Fried, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for the United States; Alfred Donati, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

SUGARMAN, District Judge.

Defendant Frank P. Grieco moves for an inspection of the minutes of the Grand Jury which returned the indictment now pending against him for a violation of 18 U.S.C. § 1702 and for dismissal of the indictment or for an order suppressing evidence.

For purposes of these motions the following facts are not disputed by the parties:

Defendant on April 20, 1960 was employed as a bellhop at the Whitehall Hotel in New York City. Because of complaints that mail addressed to residents of the hotel had been pilfered, a Postal Investigative Aide caused a decoy letter to be mailed to a fictitious person at the hotel. The decoy letter contained, among other things, marked currency and it was delivered to the hotel by the regular letter carrier in the course of his normal rounds.

After delivery, the letter was found missing from the place in which it had been left in the course of the normal routine of the hotel.

The defendant was arrested although he was not detected taking the bait, and two of the marked bills were found in his possession.

He has been charged by the Grand Jury:

"On or about the 1st day of July, 1959, in the Southern District of New York, Frank P. Grieco, the defendant, unlawfully, wilfully and knowingly, and with design to obstruct the correspondence, opened, secreted and embezzled a letter which had been in a Post Office and which was addressed to:

Mr. Sam Gold
Whitehall Hotel
100th St. & Bway
New York, N. Y.

before said letter had been delivered to the person to whom it was directed.

(Title 18, United States Code, Section 1702.)"

The statute allegedly violated reads:

"§ 1702. Obstruction of correspondence

"Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

18 U.S.C. § 1702 is based upon 18 U. S.C. § 317 (1940 ed.). Said § 317 made criminal not only such conduct as is now condemned by § 1702 but it also covered, *inter alia,* stealing mail, stealing from the mails and receiving property stolen from the mails. The latter crimes are now defined in 18 U.S.C. § 1708.

That part of 18 U.S.C. § 317 (1940 ed.) which defined obstruction of correspondence read as follows:

"* * * whoever shall take any letter, postal card, or package out of any post office or station thereof, or out of any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or station thereof, or other authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall open, secrete, embezzle, or destroy the same, shall be fined not more than $2,000, or imprisoned not more than five years, or both."

It in turn was based upon R.S. § 3892:

"Sec. 3892. Any person who shall take any letter, postal card, or packet, although it does not contain any article of value or evidence thereof, out of a post-office or branch post-office, or from a letter or mail carrier, or which has been in any post-office or branch post-office or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall secrete, embezzle, or destroy the same, shall, for every such offense, be punishable by a fine of not more than five hundred dollars, or by imprisonment at hard labor for not more than one year, or by both."

The predecessor of R.S. § 3892 was § 22 of the Act of March 3, 1825, which read in part:

"And if any person shall take any letter, or packet, not containing any article of value, or evidence thereof, out of a post-office, or shall open any letter, or packet which shall have been in a post-office, or in custody of a mail-carrier, before it shall have been delivered to the person to whom it is directed, with a design to obstruct the correspondence, to pry into another's business or secrets; or shall secrete, embezzle, or destroy, any such mail, letter, or packet, such offender, upon conviction, shall pay for every such offence, a sum not exceeding five hundred dollars, and be imprisoned not exceeding twelve months."

I am of the opinion that because the addressee, "Sam Gold", mentioned in the indictment was not a real person but a fiction, the defendant could not have committed the crime as charged and that the indictment must be dismissed. The statute allegedly violated clearly is designed to punish the interruption of the passage of correspondence from a sender to an addressee. Where, as here, there is no addressee, the crime charged is impossible of commission.

The words in 18 U.S.C. § 1702 "* * * before it has been delivered to the *person* to whom it was directed * * *" indicate that unless there is in fact such a *person*, there cannot be a violation of that section by taking matter from the mails regardless of the design or intent of the accused.

Just as " * * * it is a mere truism that there can be no receiving of stolen goods which have not been stolen",[1] there can be no taking of a letter, which has been in a post office, before delivery to the person to whom it was directed, when there exists no such person.

A contrary construction would mean that the taking of such a decoy letter from any person whomsoever would violate § 1702, providing only that it had been put into the mails at some time prior to the taking which might occur years after it had left the custody of post office personnel. Such a result is manifestly absurd.

In a different context, Judge Betts in United States v. Parsons,[2] rhetorically posed the query:

"What, then, is the true import and force of the phrase, 'shall have been in a post-office or in custody of a mail-carrier,' and of the phrase, 'before it shall have been delivered to the person to whom it is directed'?"

He then aptly commented:

"Are they of unlimited extent, covering every condition of a letter, until it reaches its rightful destination? To give the language this construction, would be to continue letters which had been once in the mail still under the power and control of the federal government, in every change and transfer from person to person and place to place, and without limitation of time."

This holding is not inconsistent with Goode v. United States,[3] which held that proof of a theft from a decoy letter would sustain a conviction of violation of R.S. §§ 5467 and 5469, the predecessors of 18 U.S.C. §§ 1703 and 1708.[4] That case stands for the proposition that in prosecutions for mail theft and destruction of mail matter, decoy letters to fictitious addressees are "letters" and "intended to be conveyed by mail" within the meaning of those acts. Comparing the object of the statutes involved in Goode v. United States, i. e., the protection of matter in the stream of mail from destruction and theft, with the object of §

1. People v. Jaffe, 1906, 185 N.Y. 497, 500, 78 N.E. 169, 9 L.R.A.,N.S., 263.

2. C.C.S.D.N.Y.1849, 27 Fed.Cas. page 451, No. 16,000.

3. 1895, 159 U.S. 663, 16 S.Ct. 136, 138, 40 L.Ed. 297.

4. Section 1703: delay or destruction of mail or newspapers; § 1708: theft or receipt of stolen mail matter generally.

1702, under which the instant indictment was found, the inapplicability of the Goode case is apparent.

■ The "obstruction of correspondence" statute was designed to insure that correspondence between a sender and an addressee be unobstructed and free from unauthorized prying.

In United States v. Driscoll,[5] it was said:

"The two indictments are framed under two clauses of section 22 of the act of 3d of March, 1825 (4 Stat. 108). By the first clause, it is made penal for any person to take the mail, or any letter or packet therefrom, or from any post-office, whether with or without the consent of the person having custody thereof, and to open, embezzle, or destroy any such mail, letter, or packet, the same containing any article of value; and by the second clause, the offence is committed if any person shall take any letter not containing any article of value out of any post-office, or shall open any letter which shall have been in any post-office, before it shall have been delivered to the person to whom it is directed, with design to obstruct the correspondence or pry into another's business or secrets * * *.

"The scope and purpose of these clauses, and of the whole section, appear to be to protect the mails from every kind of danger while in the custody of the United States * *."

In United States v. Davis [6] appears:

"The nature of the offenses created by the two sections differs in essential particulars. Section 5469 is concerned more especially with thefts and embezzlements from the mails for purposes of gain. Section 3892 deals with unauthorized meddling with the mails for the purpose of gratifying mere malice or a prying curiosity. The intent or purpose which constitutes the gist of the offense is one thing in one of the sections, and quite a different thing in the other."

No authority directly in point has been found although in United States v. Pond [7] it was stated *obiter:*

"But the indictment charges an intent to obstruct the correspondence, and pry into the business and secrets of one Ebenezer H. Currier. This cannot be proved without showing that there is a real person in existence capable of having correspondence, and business, and secrets, affected by the letter in question, but also that his name is Ebenezer H. Currier."

In view of the foregoing it is unnecessary to decide whether the letter had been "delivered" when it was given into the custody of the employees of the hotel, and hence effectively separated from federal control.[8]

The indictment is dismissed. The other motions are academic and no ruling thereon is made.

It is so ordered.

5. D.C.D.Mass.1869, 25 Fed.Cas. page 914, No. 14,994.

6. D.C.W.D.Mich.1888, 33 F. 865, 867.

7. C.C.Mass.1855, 27 Fed.Cas. page 590, No. 16,067.

8. See United States v. Lee, C.C.N.D.Ga. 1898, 90 F. 256; United States v. Safford, D.C.E.D.Pa.1895, 66 F. 942; contra, United States v. McCready, C.C. W.D.Tenn.1882, 11 F. 225.