**Darrel Paul GIRAUD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19159.**

United States Court of Appeals
Ninth Circuit.

July 26, 1965.

Donald C. Carroll, San Francisco, Cal., for appellant.

William N. Goodwin, U. S. Atty., Michael Hoff, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, HAMLIN and DUN-IWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Darrel Paul Giraud, appellant herein, in an indictment filed by a United States Grand Jury was charged. in thirteen counts with violating certain United States statutes. In four counts (Num-

bers One, Four, Seven, and Ten) appellant was charged with forging four separate United States Treasury checks in violation of 18 U.S.C. §§ 495 and 2.[1] In four counts (Numbers Two, Five, Eight, and Eleven) he was charged with uttering and publishing said Treasury checks also in violation of 18 U.S.C. §§ 495 and 2; and in five counts (Numbers Three, Six, Nine, Twelve, and Thirteen) he was charged with taking from the mails prior to delivery to the addressee certain checks on five separate occasions in violation of 18 U.S.C. § 1702.[2]

A jury in the United States District Court for the Western District of Washington, Northern Division, found appellant guilty on ten of said counts (Numbers One, Two, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen) and not guilty on three of said counts (Numbers Three, Four and Five). These latter three counts all referred to one particular check. Six of the counts upon which appellant was convicted (Numbers One, Seven, Ten, Two, Eight, and Eleven) were violations of 18 U.S.C. §§ 495 and 2, and the other four counts upon which appellant was convicted were violations of 18 U.S.C. § 1702. From the judgment of the district court imposing imprisonment or fines on the various counts appellant appeals, invoking the jurisdiction of this court under 28 U.S.C. § 1291.

Appellant contends that the district court erred in refusing to enter a judgment of dismissal of the counts arising under 18 U.S.C. §§ 495 and 2 because of the alleged failure of the government to produce any evidence to sustain the charge that appellant personally forged or uttered and published the checks in question. This contention arises from the fact that appellant was charged in the indictment as a principal and the evidence at the trial showed that other persons to whom the appellant gave the checks in question actually forged and uttered and published the checks. The case was submitted by the court to the jury on the theory that under the indictment the evidence that the defendant aided and abetted the forging and uttering and publishing of the checks in question would support a conviction.

■■ Appellant contends that under Rule 7(c) of the Federal Rules of Criminal Procedure [3] the facts of aiding and

1. 18 U.S.C. § 495
   Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money; or
   Whoever utters or publishes as true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; * * *
       *      *      *      *      *
   Shall be fined not more than $1,000 or imprisoned not more than ten years, or both.
   18 U.S.C. § 2
   (a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.
   (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

2. 18 U.S.C. § 1702. Obstruction of correspondence
   Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

3. Rule 7(c) provides in pertinent part:
   (c) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.

abetting must be pleaded in the indictment, and that the failure of the government to do so in this instance constituted a fatal variance between the proof and the pleading. We do not agree. The indictment charged appellant with a violation of 18 U.S.C. §§ 495 and 2, but the facts of aiding and abetting were not pleaded in detail. We hold that there is no error in so doing. In Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949), the petitioner was charged in the first count of an indictment with conspiracy to defraud the United States, and in six substantive counts with filing false invoices with an agency of the United States. No evidence of the petitioner's direct participation in the unlawful acts charged was produced. The verdict was upheld on the theory that the evidence was sufficient to warrant the submission of the case to the jury on the substantive counts on the theory of aiding and abetting, even though that theory was not pleaded in the indictment.

Since the decision in the Nye & Nissen case, supra, this circuit as well as others has uniformly held that it is not necessary to charge a defendant as an aider and abetter and that a conviction on that theory will be upheld when the defendant has been charged as a principal. See e. g., Glass v. United States, 328 F.2d 754 (7th Cir. 1964); Kaufman v. United States, 325 F.2d 305 (9th Cir. 1963); United States v. Washington, 287 F.2d 819 (7th Cir. 1961); United States v. Russo, 284 F.2d 539 (2nd Cir. 1960); Swanne Soon Young Pang v. United States, 209 F.2d 245 (9th Cir. 1954).

We see no merit in appellant's contention that he was prejudiced in this case because the indictment charged him as a principal and the proof established that he was an aider and abetter. Appellant made no motion for a bill of particulars prior to trial. Moreover, the opening statement of the prosecution to the jury sufficiently apprised the defense of the *modus operandi* that the prosecution expected to prove. No complaint is made by appellant that there was any error in the court's instructions to the jury upon the rule that one who aids and abets another in the commission of a crime is guilty as a principal.

Appellant's second contention is that the court erred in failing to dismiss the counts arising under 18 U.S.C. § 1702 because of the government's alleged failure to produce any evidence that any check involved had ever been deposited in the mails. As is apparent from a reading of section 1702, it is incumbent upon the government to establish as one of the elements of the offense described therein that the check alleged to have been taken by appellant had been in the United States mails and had been taken therefrom before such check had been delivered to the addressee thereof. In this case there was no direct evidence of mailing produced by the government. The government contends, however, that there was sufficient circumstantial evidence of mailing to sustain the convictions. The government states as follows in its brief:

"It is unquestionably true that in most cases brought under Title 18 U.S.C. § 1702 the government produces evidence of mailing by testimony of the sender. Perhaps the reason for the lack of such testimony in this case was the cost of transporting such witnesses from all over the country to Seattle, Washington."

We have examined the record and while there may be some vague inferences that might be drawn that these checks had been in the United States mails, we do not agree that these inferences rise to the degree of proof required to sustain a conviction. The reason given by the government for failure to produce positive proof might be persuasive from an economic standpoint, but it is not a substitute for the essential element contained in the statute that must be proven in order that there be a conviction under section 1702.

Accordingly, the judgment of conviction of appellant under Counts One, Two, Seven, Eight, Ten, and Eleven, all being

violations of 18 U.S.C. §§ 495 and 2, are affirmed; and the judgment of conviction of appellant under Counts Six, Nine, Twelve, and Thirteen, being alleged violations of 18 U.S.C. § 1702, are reversed and remanded to the district court for a new trial thereon.