**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony Seymour BRADFORD,
Defendant-Appellant.**

**No. 73–1412.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 26, 1973.

Decided March 28, 1974.

Howard J. DeTrude, Jr., Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Sarah Evans Barker, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

PELL, Circuit Judge.

Defendant Anthony Bradford appeals from a jury conviction for obstructing correspondence in violation of 18 U.S.C. § 1702. Bradford had taken a package of printed checks addressed and mailed to his mother after the package was delivered to her home by the postal carrier. The package, mailed by the printing company as fourth class mail, contained a nonpersonalized message to the customer along with the checks.

The sole issue on appeal is whether fourth class mail is covered by the provisions of § 1702. Section 1702 provides, in pertinent part, that:

> "Whoever takes any letter, postal card, or package . . . from any letter or mail carrier . . . before it has been delivered to the person to whom it was directed, *with design to obstruct the correspondence* . . . shall be fined not more than $2,000 or imprisoned not more than five years, or both." (Emphasis added.)

Bradford, while admitting that the box of checks was obviously a "package," contends that the package was not "correspondence," and, therefore, there was no violation of § 1702. "Correspondence," defendant argues, is defined by Webster's Third New International Dictionary, as "communication between persons by an exchange of letters." As the next step in his reasoning, defendant equates "communication between persons" with "personal correspondence." The upshot of defendant's reasoning, thus, is to interpret "correspondence" as used in § 1702 as "personal correspondence." And, since fourth class mail, according to 39 U.S.C. § 4555, cannot be utilized to mail personal correspondence, obstruction of fourth class mail, defendant concludes, can never be a violation of § 1702. Rather, according to defense analysis, § 1702 applies exclusively to obstruction of first class mail, as this is the only means of sending personal correspondence.[1] The taking of someone else's second, third, or fourth class mail, it is argued, is covered by 18 U.S.C. § 1708[2] and not by § 1702.

In our opinion, Bradford's argument has a faulty premise in that he assumes that all communications between persons are equivalent to "personal correspondence" and, therefore, must travel by first class mail. This approach ignores the fact that words, symbols, or objects may be communicative without being *personal* correspondence. Vast amounts of nonpersonal communication travel through the mails in second, third, and fourth class—but it is all communication nonetheless. Newspapers and periodicals, for instance, are clearly forms of communication but yet are not personal in nature, as that term is defined by Bradford, and, therefore, can be sent as second class mail. Similarly, mass-mailed brochures, advertisements, and solicitations (colloquially and, in some instances at least, correctly, termed "junk mail") with which "occupants" as well as named addressees are inundated are forms of nonpersonal communication and can travel by third or fourth class mail.

■ Thus, even if we assume *arguendo* that Webster's dictionary definition of "correspondence" as "communication between persons" has some relevance in construing § 1702, defendant's argument, nevertheless, fails to exclude the many forms of nonpersonal communication which can travel second, third, or fourth class. The box of printed checks in the present case, in fact, contained a nonpersonal message to the customer and, thus, was clearly within the provisions of § 1702.

■ Even more important, however, Bradford erred in his basic approach for interpreting § 1702. The precise dictionary meaning of a word may well be, and here is, less relevant in construing a statute than is the use of the word in a particular context. When § 1702 is read as a whole, the most rea-

---

1. Under 39 U.S.C. § 4351 and § 4451, personal correspondence cannot be sent by second or third class mail, respectively.

2. § 1708 provides in pertinent part:
 "Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box . . . or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or *mail*, or abstracts or removes . . . any article . . . or secretes, embezzles, or destroys any such letter, postal card, package, bag, or *mail*, or any article or thing contained therein . . . ." (Emphasis added.)

sonable interpretation of "correspond-dence" is that the term was meant to encompass mailed matter of the type here involved, regardless of class. The statute refers to the taking of letters, postal cards, and packages, with no indication that the contents of such items are determinative of whether there is a violation. Given the careful distinctions drawn regarding the content of the mail in defining the different classes, 39 U.S.C. § 4251 et seq., if content were equally decisive for the purposes of § 1702, we think Congress would have indicated this directly.

Other courts, while not dealing specifically with the issue presented here, have also interpreted § 1702 broadly as applying to anything transferred by means of the postal service. In Maxwell v. United States, 235 F.2d 930, 932 (8th Cir. 1956), cert. denied, 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed.2d 239, for instance, the court stated:

> "[T]he plain language of the statute discloses a clear intent on the part of Congress to extend federal protection over *mail matter* from the time it enters the mails until it reaches the addressee or his authorized agent." (Emphasis added.)

See also McCowan v. United States, 376 F.2d 122, 124 (9th Cir. 1967), cert. denied, 389 U.S. 839, 88 S.Ct. 66, 19 L.Ed. 2d 102; Ross v. United States, 374 F.2d 97, 103 (8th Cir. 1967), cert. denied, 389 U.S. 882, 88 S.Ct. 130, 19 L.Ed.2d 177.

We also note that § 1702 has been successfully used in cases involving the taking of credit cards, United States v. Marlow, 423 F.2d 1064 (5th Cir. 1970), and government checks, United States v. Owens, 424 F.2d 266 (6th Cir. 1970), cert. denied, 400 U.S. 844, 91 S.Ct. 89, 27 L.Ed.2d 81; Ross v. United States, *supra*. In none of these cases was there any indication that personal correspondence was enclosed with the check or credit card.

Defendant relies on the statement in United States v. Grieco, 25 F.R.D. 58, 59 (S.D.N.Y.1960), that:

> "The statute [§ 1702] contemplates the existence of correspondence—the sending of a letter to the addressee. Unless the defendant has a design to obstruct that correspondence—not correspondence in general but 'the' correspondence—no crime has been committed."

Defendant's reliance on this statement is misplaced. In making this observation, the court in *Grieco* was not addressing the issue presented here, that is, whether § 1702 is restricted to first class mail. Rather, the court in *Grieco* was concerned with the intent necessary to convict under § 1702. According to *Grieco*, § 1702 requires that the defendant have a design to obstruct a particular item of correspondence, not correspondence in general.

 Defendant's contention that § 1702 is restricted to first class mail while § 1708 is directed to mail in general is also without merit. Section 1702 prohibits the taking of mails, the "intermeddling with correspondence transmitted by mail, 'before it has been delivered to the person to whom it was directed.'" United States v. McCready, 11 F. 225, 233 (6th Cir. 1882). Section 1708, on the other hand, prohibits the theft or embezzlement of mail.

> "The nature of the offenses created by the two sections differs in essential particulars. Section 5469 [now section 1708] is concerned more especially with thefts and embezzlements from the mails for purposes of gain. Section 3892 [now section 1702] deals with unauthorized meddling with the mails for the purpose of gratifying mere malice or a prying curiosity." United States v. Davis, 33 F. 865, 867 (6th Cir. 1888).

The two sections, thus, cover two different crimes affecting the mails, not two different classifications of mail. Sections 1702 and 1708 are coextensive in the type of mailed matter covered.

Accordingly, the judgment of conviction is affirmed.

Affirmed.