**UNITED STATES of America, Plaintiff,**

v.

**Roberto Diaz LOPEZ, Defendant.**

**Cr. No. 84–0145 HL.**

United States District Court,
D. Puerto Rico.

June 4, 1984.

Emilio A. Montañez Delerme, Harry Anduze Montaño, Santurce, P.R., for defendant.

Juan A. Pedrosa, Asst. U.S. Atty., Old San Juan, P.R., for plaintiff.

ORDER

LAFFITTE, District Judge.

Defendant has filed a motion to obtain an order from the Court to the Government to

elect between the two charges of the indictment returned on March 28, 1984, because the charges are multiplicious. It is a two-count indictment.[1]

Defendant argues that he is charged with the single offense of embezzlement in more than one count.

After the matter was referred to the Magistrate, the Magistrate recommended that defendant's motion as to multiplicity be denied. The objection to the Magistrate's Report and Recommendation was heard before this Court through oral argument on May 30, 1984, in lieu of briefs, because of the close proximity of the trial, which began the morning of May 31, 1984.

In open court on May 30th, after argument, the Court rejected the Magistrate's Report and Recommendation as to this motion, and granted defendant's motion.[2] The Court will now issue its opinion to that effect.

■ Multiplicity[3] has been defined as the charging of a single offense in several counts. 1 Wright & Miller, Section 142, at page 469; *U.S. v. De La Torre*, 634 F.2d 792, 794 (5th Cir.1981). The principal dangers of multiplicity are that it may lead to multiple sentences for the same offense, and, as counsel for defendant stated in his brief, it may also have a psychological impact upon the jury by suggesting to it that the defendant has committed not one, but in this case, two crimes. *U.S. v. Reed*, 639 F.2d 896, 904 (2nd Cir.1981); *U.S. v. Carter*, 576 F.2d 1061, 1064 (3rd Cir.1978).

■ Count One of the Indictment charges defendant with taking a package with design to open and embezzle it in violation of Title 18 U.S.C. Section 1702.[4] Count Two charges defendant with the embezzlement of a package in violation of Title 18 U.S.C. Section 1709.[5] It is possible for a single act to result in various violations of a criminal statute, and thus be considered as separate charges. *U.S. v. Christensen*, 732 F.2d 20 (1st Cir.1984.) However, such charges should be clearly delineated so as to define separate crimes.

■ It is clear that both Sections 1702 and 1709 could be violated by a single act, since taking with intent to obstruct the

1. In pertinent parts, the indictment reads as follows:

   "Count One. On or about March 14, 1984, in the District of Puerto Rico ... Robert Díaz López, the defendant herein, did take a package ... [description deleted] from the Post Office Building in Toa Baja, Puerto Rico, with the design to open and embezzle the same. All in violation of Title 18, USC Section 1702.

   "Count Two. On or about March 14, 1984, in the District of Puerto Rico ... Roberto Díaz López, the defendant herein, being a U.S. Postal Employee ... *did embezzle a package* ... [same description as in Count One, also deleted here] which package had been entrusted to him and which had come into his possession intended to be conveyed by mail. All in violation of Title 18 USC Section 1709."

2. The Government was ordered to announce on which Count it would proceed, by 9:00 A.M. May 31, 1984. The Government chose to proceed in Count Two.

3. The Court inadvertently used the word "duplicity" instead of "multiplicity" in its order in open court on May 30, 1984. The case herein clearly involves the issue of multiplicity and not duplicity.

4. *"Whoever takes any* letter, postal card, or *package* out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

5. "Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

mail, or opening the mail, or secreting it, is enough under Section 1702 to constitute a crime. *U.S. v. Brown,* 425 F.2d 1172 (9th Cir.1970); *U.S. v. Davis,* 33 F. 865 (D.Mich. 1888); *U.S. v. Grieco,* 187 F.Supp. 597 (E.D.N.Y.1960). Thus, a defendant who is accused of taking a single piece of mail could be charged with obstructing the mail and also embezzling the mail under 1702 and 1709 respectively.

In *Creed v. U.S.,* 283 F.2d 646 (10th Cir.1960), the Court of Appeals held that a defendant could be convicted of taking a letter with intent to obstruct the mail under 18 U.S.C. § 1702, and also possession of the contents of the stolen letter under 18 U.S.C. § 1708.

However, in this case, defendant has not been charged with these other offenses. He is charged with taking a package with intent to open and embezzle, and with embezzling a package. This is in effect the same charge in two counts. The United States Supreme Court has held that bank robbery and entering with the intent to commit bank robbery cannot be separately punished. *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In the same way, to prevent multiple sentencing, this defendant should not be charged with both embezzlement and the intent to embezzle.

WHEREFORE, the Magistrate's Report and Recommendation as to the issue of multiplicity is hereby REJECTED. Defendant's motion is GRANTED. All other portions of the Magistrate's Report and Recommendation are hereby ACCEPTED.

IT IS SO ORDERED.