NO. 07-04-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2005
_____

DOUGLAS ARNOLD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400,857; HON. CECIL PURYEAR, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

Appellant Douglas Arnold was convicted of possessing a controlled substance, namely methadone. He challenges the conviction by contending the trial court erred in 1) failing to grant his motion to suppress, 2) failing to charge the jury with the law applicable to illegally seized evidence, 3) failing to charge the jury with respect to extraneous offenses, and 4) denying his request for a continuance for time to obtain the appearance of a material witness. We affirm the judgment of the trial court.

## Background

On July 8, 2002, a female went to the Federal Express office in Lubbock to send an overnight letter. The customer service agent, Bridget White, smelled the odor of marijuana on the letter. After accepting the package, she notified her supervisor, Tammy Mapp. Another supervisor was summoned and, pursuant to Federal Express policy, the package was opened by the two supervisors. The letter contained a black tar substance within other packaging. The police were contacted, and Investigator Manuel Reyna took possession of the package after determining that he believed it to contain heroin.

Several days later, the person to whom the package was addressed, later identified as appellant, arrived at the office seeking to claim the package.[1] Reyna was contacted, and at his direction, a "dummy" package was prepared and given to appellant. As appellant was leaving the Federal Express office, he was stopped and questioned by Reyna and Officer Michelle Fletcher. Appellant admitted that the sender of the package was a prostitute and that he was a heroin user. He also gave consent for a search of his vehicle (a commercial 18 wheeler). Hypodermic needles and an aspirin bottle containing a small bottle of liquid were found inside. The bottle was later determined to contain 11.96 grams of methadone for which appellant did not have a prescription.

## Issues 1 & 2 - Motion to Suppress and Charge Error

Appellant argues in his first issue that the trial court erred in failing to suppress evidence obtained as a result of the search of the envelope and the vehicle and the questioning of him by police. We overrule the issue.

---

[1]The letter was addressed to appellant at a truck stop and was therefore undeliverable.

*Search of the Envelope*

We review the trial court's ruling on a motion to suppress under the standard announced in *Johnson v. State,* 68 S.W.3d 644 (Tex. Crim. App. 2002) and *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). In doing so, we give almost total deference to the trial court's findings of historical fact and review *de novo* the application of the law to the facts. *Johnson v. State,* 68 S.W.3d at 652-53.

The air bill used by Federal Express provides that the company retains the right "to open and inspect . . . packages . . . ." The company also retains the right to reject a shipment when, among other things, the shipment is prohibited by law. When persons choose to use Federal Express, they are on notice of those rights. *United States v. Young,* 350 F.3d 1302, 1307-1309 (11th Cir. 2003). When a private overnight shipper such as Federal Express inspects a package to assure it is not being used as a means to deliver contraband, the search is a private one and does not offend Fourth Amendment rights. *United States v. Jacobsen,* 466 U.S. 109, 115, 104 S.Ct. 1652, 1657, 80 L.Ed.2d 85 (1984); *United States v. Young,* 350 F.3d at 1309; *United States v. Barry,* 673 F.2d 912, 914-15 (6th Cir. 1982).

However, appellant argues that the act of the Federal Express employees in opening a package addressed to him violates §1702 of Title 18 of the United States Code. That section provides:

> Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes,

3

embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C.A. §1702 (2000). Appellant bases his argument on the fact that two employees of Federal Express answered affirmatively to his question whether Federal Express was an "authorized depository for mail matter" although they also testified that Federal Express was not associated with the United States Postal Service.

Initially, we note that this statute falls within Chapter 83 of Title 18, which is entitled "Postal Service." Further, it has been stated that an "authorized depository" of the mail is one that is a part of the United States Postal Service's nationwide system for the delivery and receipt of mail. *United States Postal Service v. Council of Greenburgh Civic Associations,* 453 U.S. 114, 128, 101 S.Ct. 2676, 2684, 69 L.Ed.2d 517 (1981). It has also been decided that a letter within the contemplation of the statute is one that is sent and received through the Post Office Department. *United States v. Maxwell,* 137 F. Supp. 298, 303 (W.D. Missouri 1955), *aff'd,* 235 F.2d 930 (8th Cir. 1956). We have further found authority holding that §1702 is applicable to mail within the control and responsibility of the United States Postal Service. *United States v. Ashford,* 530 F.2d 792, 795 (8th Cir. 1976) (holding that the statute applies to mail that is the responsibility of the United States Postal Service); *United States v. Bradford,* 493 F.2d 1282, 1284 (7th Cir. 1974) (stating that §1702 applies to anything transferred by the postal service); *Giraud v. United States,* 348 F.2d 820, 822 (9th Cir. 1965) (holding that it is incumbent to establish as one of the elements of the offense that the check taken had been in the United States mail); *United States v. Lorenzen,* 6 C.M.A. 512, 515 (1955) (holding that the federal act clearly requires the object to be mail matter in the custody of the United States Postal Service). Appellant cites to no

4

authority and we have found none holding that the statute applies to private freight and mail carriers such as Federal Express. Based on these authorities, the search of the envelope by the Federal Express employees was not illegal and did not warrant the suppression of its contents nor did it serve as a basis to find the detention and questioning of appellant and the search of his vehicle illegal.

*Custodial Interrogation and Consent to Search*

Appellant also claims that the statements he made in response to police questioning should be suppressed because the police officers failed to comply with article 38.22 §3(a) of the Code of Criminal Procedure which requires an oral recording. However, the statute applies only to custodial interrogations. TEX. CODE CRIM. PROC. ANN. art. 38.22 §3(a) (Vernon 2005). Appellant contends he was in custody because a reasonable person would have believed he was not free to leave due to the fact he was the only person on whom the attention of the police was focused, the number of police officers present (two), the nature of the questioning, and the fact he was told he was being detained for questioning. Further, he argues, his continued detention after the purpose for which he had been detained (the identification of the person who sent him the package) and the request to search his vehicle violated his constitutional and statutory rights.

A police officer may temporarily detain a person if he has reasonable suspicion that criminal activity is afoot and the person is involved in it. *See Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (defining reasonable suspicion as specific articulable facts when combined with rational inferences from those facts which would lead an officer to reasonably suspect that a particular person has engaged or is or soon will be engaging in criminal activity). The officers knew that appellant had been mailed an overnight letter

5

containing what was believed to be heroin and that appellant had claimed what he believed to be that package when it was undeliverable. In the absence of other evidence, possession of an unopened package received by mail or common carrier and containing drugs does not warrant an inference beyond a reasonable doubt that the accused knowingly possessed drugs. *Barber v. State,* 757 S.W.2d 83, 86 (Tex. App.–Houston [14th Dist.]1988, pet. ref'd). However, evidence demonstrating knowledge of the contents can be shown by claiming a box addressed to the accused and known by law enforcement agents to contain drugs. *Barber v. State,* 757 S.W.2d at 86. At the very least, the officers had reasonable suspicion on the facts known to them to detain appellant for questioning.

Furthermore, even assuming the officers did not have probable cause to search the vehicle after appellant confessed to being a heroin user and displayed traits of one, under both federal and state law, an officer may seek voluntary consent to search. *State v. Perez,* 85 S.W.3d 817, 819 (Tex. Crim. App. 2002); *James v. State,* 102 S.W.2d 162, 173 (Tex. App.–Fort Worth 2003, pet. ref'd). He need not have reasonable suspicion or probable cause to do so as long as the officer does not indicate that compliance is required. *Hunter v. State,* 955 S.W.2d 102, 104 (Tex. Crim. App. 1997); *Middleton v. State,* 9 S.W.3d 428, 431 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

Reyna testified that he identified himself to appellant, asked for appellant's identification, read him his *Miranda* warnings, and told him he was not under arrest but was just being detained for questioning. The basis for that questioning, according to Reyna, was the fact that he believed the overnight letter appellant was to receive contained heroin. While Reyna was questioning appellant as to the identity of the person who had sent the letter and whether appellant knew what was in the letter, he noticed that appellant was

6

nervous, shaking, and claimed to be cold even though the officer knew the temperature was in the upper eighties. Reyna identified the symptoms as those of drug users. Reyna told appellant what was in the package and then asked him if he was a heroin user and if he was surprised that someone was sending him heroin. Appellant responded "yes" to the first question and did not respond to the second. During this time, appellant was not in handcuffs or sitting in the patrol car. Reyna then asked if he could search the vehicle after explaining to appellant that he had the right to refuse. Appellant gave his consent. After the search, appellant was released pending the filing of charges. Under these facts, the trial court could have concluded that appellant was not in custody but was only temporarily detained for investigation.

Because there is no evidence that the evidence was illegally seized in violation of a statute, *see* TEX. CODE CRIM. PROC. ANN. art. 38.23 (a) (Vernon 2005) (stating that in any case where the legal evidence raises an issue whether the evidence was obtained in violation of the laws of the state or the United States, the jury shall be instructed that if it has reasonable doubt that the evidence was obtained in violation thereof, the jury shall disregard any evidence so obtained), the trial court did not err in failing to charge the jury on the same.

### *Issue 3 - Charge on Extraneous Offenses*

Next, appellant contends that the trial court erred in failing to charge the jury that extraneous offenses may be considered only for limited purposes. We overrule the issue.

There was evidence that appellant was a heroin user and had drug paraphernalia in his vehicle thereby indicating he may have possessed controlled substances. Also, there was evidence that appellant associated with a prostitute. Appellant objected to the trial

7

court's jury charge because it did not contain an instruction with respect to extraneous offenses. However, a request for a limiting instruction with respect to extraneous offenses must be made at the time the evidence is admitted or else the evidence is admitted for all purposes. *Hammock v. State,* 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Reyes v. State,* 69 S.W.3d 725, 741 (Tex. App.–Corpus Christi 2002, pet. ref'd). Because appellant failed to request a limiting instruction at the earliest opportunity, the trial court did not err in excluding the instruction from its jury charge. *Hammock v. State,* 46 S.W.3d at 895.

### Issue 4 - Motion for Continuance

In his last issue, appellant complains of the trial court's failure to grant his motion for continuance. Appellant moved for the continuance after the State had rested its case. We overrule the issue.

The denial of a motion for continuance is reviewed under the standard of abused discretion. *Wright v. State,* 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). A continuance may be granted on the motion of the defendant after the trial has begun "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." TEX. CODE CRIM. PROC. ANN. art. 29.13 (Vernon 1989).

Before the commencement of trial, appellant informed the court that he had learned the name of a witness, spoken to her, and issued a subpoena for her attendance at trial; however, he had "a strong suspicion" that she would attempt to avoid service. Nevertheless, appellant felt he could obtain service within the necessary time. After the State rested, appellant informed the court that 1) the witness had told him she had placed

8

the methadone in appellant's vehicle,[2] 2) she did not want to testify, and 3) he had been unable to serve a subpoena on her at the address where he believed she resided. On that basis, appellant sought a continuance. The court found that appellant had made adequate attempts to locate the witness and compel her attendance and that further attempts would be unsuccessful. Therefore, the motion was denied.

Appellant was aware prior to the commencement of trial that the witness was unwilling to appear at trial and that she would attempt to avoid service of process. The motion for continuance makes no showing of any unexpected occurrence which no reasonable diligence could have anticipated. *See Martinez v. State,* 867 S.W.2d 30, 40 (Tex. Crim. App. 1993) (holding that the defendant was aware of the potential that the State would call an expert witness during the punishment phase which he might need to rebut so there was no unexpected occurrence). Furthermore, appellant (through his attorney) informed the court that he suspected she would invoke her Fifth Amendment privilege against self-incrimination even if service was obtained on her. This coupled with the prior representation that the witness may avoid service of the subpoena is also some indication that she may not have been available to testify. *Rodriguez v. State,* 21 S.W.3d 562, 565-66 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd) (stating that a continuance may be denied when the evidence fails to indicate a probability that the witness can be secured by a postponement). Under these circumstances, we find no abuse of discretion on the part of the trial court in denying the motion.

Accordingly, the judgment of the trial court is affirmed.

---

[2]There was no affidavit or testimony to this effect.

9

Per Curiam

Publish.